**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-11083
Summary Calendar
_____


ROBYN J FOLLOWWELL,

Plaintiff-Appellant,

VERSUS

G E CAPITAL,

Defendant-Appellee.


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Plaintiff,

VERSUS

DAN FOLLOWWELL,

Defendant.


_____

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-2087-H)
_____

February 5, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Robyn Followwell appeals the dismissal of her claims against

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

G E Capital pursuant to FED. R. CIV. P. 12(b)(6).  Finding no error, we dismiss the appeal as frivolous.

## I.

Followwell alleged in this *pro se* action that G E Capital had committed "severe violations of the federal housing contract laws" by "working over time to try to develop and utilized [sic] unsavory means to illegally take her home away from her."  Followwell sought $5 million in damages for mental and physical stress and a "federal injunction and or a cease and desist order . . . and or to force the defendant to come to the table and work out a compromise."[1]

The district court noted originally that the complaint failed to state a claim upon which relief could be granted and invited Followwell to file an amended complaint remedying this deficiency. Ten days later, Followwell filed essentially the same conclusionary allegations, without any citations to the relevant "federal housing contract laws" that she alleged G E Capital had violated.  The district court dismissed the complaint.

## II.

We review *de novo* a dismissal on the pleadings. *See Guidry v. Bank of LaPlace*, 954 F.2d at 278, 281 (5th Cir. 1992).  Although we accept as true all of the factual allegations of the well-pleaded

---

[1] According to G E Capital, this federal action arises out of the institution, by G E Capital Mortgage Services, as authorized servicing agent for the Federal National Mortgage Association, of a forcible detainer action against Followwell.  G E Capital Mortgage Services acquired title to Followwell's property at a foreclosure sale.

complaint, a plaintiff, in order to avoid dismissal for failure to state a claim, must plead specific facts, not mere conclusionary allegations. *See id.* The pleadings must both provide notice of the circumstances that give rise to the claim and set forth sufficient information to outline the elements of the claim or to permit inferences to be drawn that these elements exist. *See Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990) (per curiam). A district court is not permitted to dismiss a complaint simply because it is questionable whether the plaintiff will ultimately prevail. *See Mahone v. Addicks Utility Dist.*, 836 F.2d 921, 927 (5th Cir. 1988).

Cognizant of the liberal pleading requirements, *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), we nevertheless agree with the district court that Followwell has failed to state a claim. Her allegations of G E Capital's "severe violations of the federal housing contract laws," which violations are being done "illregardless [sic] of the plaintiff's equity in the systematic process," and of G E Capital's "use of callous actions . . . to take the plaintiff's home from her without regard for the federated process," are merely conclusionary.

Followwell cites no specific statutes or causes of action under which her claim may be cognizable, nor does she plead any specific facts that would render G E Capital's "tactics" unlawful. Furthermore, Followwell was given an opportunity to amend her pleadings to address the district court's concerns regarding their sufficiency, but she failed to do so. We disagree with her

asserttion that "this cannot be accomplished with a mere amended complaint" and that she "must be provided with an opportunity to present all of her items to the court."

Followwell's brief contains but a scant 2½ pages of meaningless "argument."  The appeal is frivolous and is DISMISSED pursuant to 5TH CIR. R. 42.2.